# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2293MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District of |
| | * | Minnesota. |
| Jon Troy Alle, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 23, 1998

Filed: December 4, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Jon Troy Alle appeals his drug-related conviction, arguing error in the District
Court's[1] order denying his motion to suppress evidence seized pursuant to a search
warrant. Mr. Alle contends that an affidavit supporting the search warrant contained
an intentional misrepresentation and omissions, which misled a state judge into

_____

[1]The Hon. David S. Doty, United States District Judge for the District of
Minnesota.

concluding that probable cause existed to support issuance of the warrant. A Magistrate Judge[2] recommended denial of Mr. Alle's motion for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), to which a defendant is entitled if he makes a substantial preliminary showing that a false statement, necessary to the finding of probable cause, was included in a warrant affidavit, and that the statement was made either knowingly or with reckless disregard for the truth. We affirm, substantially on the basis of the Magistrate Judge's Report and Recommendation.

Suspected of engaging in a drug transaction, David Garcia was arrested by Minneapolis and St. Paul police officers on February 21, 1995. Mr. Alle, who was with Mr. Garcia, was also arrested. Following the arrests, Mr. Garcia told the officers that Mr. Alle was the source of his drugs, and that Mr. Alle had "fronted" him twenty-six ounces of methamphetamine. A search warrant affidavit, sworn by Sergeant Jerome Jung of the St. Paul Police Department, identified Mr. Garcia as a "Confidential Reliable Informant," apparently a term of art used by law enforcement officials to describe someone whose information, in the past, had proven reliable. In fact, until his arrest, Sergeant Jung had never met Mr. Garcia. In addition, Sergeant Jung omitted from the affidavit other facts relevant to Mr. Garcia's reliability, namely that Mr. Garcia, a drug dealer, had himself just been arrested. Mr. Alle argues that the inclusion of the term of art "Confidential Reliable Informant," and the omission of the other relevant facts, misled the judge who issued the search warrant. Mr. Alle also argues that, once the misrepresentation is removed and the omitted information included, the affidavit will no longer support a determination of probable cause.

Mr. Alle made these arguments to the Magistrate Judge, who disagreed, finding that there would have been sufficient probable cause to support the warrant even if the alleged misrepresentation were omitted from, and the omissions added to, the affidavit.

---

[2]The Hon. John M. Mason, United States Magistrate Judge for the District of Minnesota.

In other words, the affidavit would still have sufficiently shown probable cause if Mr. Garcia had been called a "Cooperating Witness," the designation suggested by defendant in his brief. The Magistrate's Report and Recommendation thoroughly reviewed the facts and the law to be applied, and we believe the Court's conclusion was correct. Mr. Garcia's statements were made against his penal interest, and he consented to a search of his own apartment, which produced the "fronted" drugs. As the Magistrate observed, had this omitted information been included in the affidavit, Mr. Garcia's reliability would have only been enhanced. In addition, some of the other information he provided to the officers, such as Mr. Alle's address and telephone number, was independently corroborated by the police.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-3-